UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

BRENTEN LLOYD BIBER                                    **DOCKET NO: CV-21-2843**

                              Plaintiff,

                    -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S
DEPARTMENT,  JOHN DOE SERT CORRECTION
OFFICER and "TOM & JANE DOES 1-10 OFFICERS          **COMPLAINT**
"representing as yet Unknown and unidentified members
of the Suffolk County and Suffolk County's Sheriff's Department,
(all in their individual and official capacities as employees),
DEFENDANT "JOHN & JANE DOE 1-5 MEDICAL STAFF"
representing as yet unknown and unidentified staff members of
YAPHANK CORRECTIONAL FACILITY.

                              Defendants.            **JURY TRIAL DEMANDED**
------------------------------------------------------------------------X

        Plaintiff, **BRENTEN BIBER**, by and through his attorneys, the Law Offices of Frederick

K. Brewington, as and for the following Complaint and state and allege as follows:

                         **PRELIMINARY STATEMENT**

        1.       This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the PLAINTIFF's rights

brought pursuant to 42 U.S.C. § 1983 and New York State Law. The claims are for the violation of

PLAINTIFF's substantive due process rights pursuant to the Fourth, Fifth, and Sixth Amendment,

of the United States Constitution, excessive force,  negligent supervision, failure to intervene,

municipal liability, assault and battery,  negligent and intentional infliction of emotional distress,

negligent supervision, negligence, recklessness, intentional and careless actions of the COUNTY OF

SUFFOLK, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, JOHN DOE SERT CORRECTION

OFFICER and "TOM & JANE DOES 1-10 OFFICERS" representing as yet unknown and unidentified members of the Suffolk County and Suffolk County's Sheriff's Department, (all in their individual and official capacities as employees), DEFENDANT "JOHN & JANE DOE 1-5 MEDICAL STAFF" representing as yet unknown and unidentified staff members of YAPHANK CORRECTIONAL FACILITY.

2.      Specifically, PLAINTIFF alleges that the DEFENDANTS (collectively and individually) negligently, wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive PLAINTIFF of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving PLAINTIFF of rights secured by the United States Constitution and laws of the State of New York.

3.      PLAINTIFF alleges that DEFENDANTS (collectively and individually), their agents, employees, and servants wrongfully physically attacked PLAINTIFF, causing him severe and permanent physical, mental and emotional impairments.

4.      DEFENDANTS recklessly breached their duties of care with respect to the custody, care, and treatment of the PLAINTIFF as described herein below. DEFENDANTS' and each one of them, failed to provide proper, adequate, competent, immediate medical treatment to PLAINTIFF despite the readily apparent need for such treatment as a result of the physical attack on PLAINTIFF's body by JOHN DOE SERT CORRECTION OFFICER and "TOM & JANE DOES 1-10 OFFICERS". DEFENDANT "JOHN & JANE DOE 1-5 MEDICAL STAFF", failed to meet their duty to provide proper, adequate, competent, immediate medical treatment to PLAINTIFF although it was readily apparent that PLAINTIFF was suffering from serious injuries as a result of the physical attack on PLAINTIFF's person.

2

5.      PLAINTIFF further alleges that DEFENDANTS (collectively and individually) were negligent in training, hiring and supervising its, employees, representatives, and/or agents.

6.      Furthermore, PLAINTIFF alleges that SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S DEPARTMENT, through their employees and agents, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, failed to provide proper, adequate, competent, immediate medical treatment to PLAINTIFF after PLAINTIFF was physically attacked by DEFENDANTS' SERT CORRECTION OFFICER. As a result of SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and their servants, employees, agents and contractors at the Yaphank Correctional Facility, including but not limited to the JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS failure to provide such treatment, PLAINTIFF's injuries from the violent attack on his person has caused severe and permanent injuries.

**JURISDICTION**

7.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

8.      This Court is requested to exercise supplemental jurisdiction with respect to PLAINTIFF's State Law claims pursuant to 28 U.S.C. § 1367.

9.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that PLAINTIFF resides in Suffolk County. Furthermore, the place where the events and violations herein alleged occurred was in Suffolk County.

10.     That prior hereto PLAINTIFF in conjunction with his state law claims, filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

11.     On February 18, 2021, DEFENDANTS conducted a 50-h examination of Plaintiff. Further, DEFENDANTS have refused to agree to a settlement with respect to the instant matter.

3

12.    That more than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

**PARTIES**

13.    PLAINTIFF BRENTEN BIBER (hereinafter "PLAINTIFF") is a natural person, who resides in the County of Suffolk, State of New York, at all times relevant herein is a citizen of the United States. PLAINTIFF, at all times relevant to this Complaint, was incarcerated and in the custody and control of the named DEFENDANTS at the COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S DEPARTMENT at their YAPHANK CORRECTIONAL FACILITIES.

14.    DEFENDANT COUNTY OF SUFFOLK (hereinafter "COUNTY") is and was a duly constituted municipal corporation of the State of New York, and is and was the employer of the Suffolk County Sheriff Department, and the Suffolk County Yaphank Correctional Facility.

15.    DEFENDANT SUFFOLK COUNTY SHERIFF's DEPARTMENT (hereinafter "SHERIFF'S DEPARTMENT") is, and was an entity/agency of the COUNTY OF SUFFOLK, and is located at 100 Center Drive Street, Riverhead, NY 11901.

16.    DEFENDANT's COUNTY and SHERIFF'S DEPARTMENT own, manage, staff and operate a jail facility in Yaphank (hereinafter "YAPHANK") located at 200 Suffolk Avenue, Yaphank, NY 11980.

17.    At all times relevant in this Complaint, and upon information and belief, JOHN DOE SERT CORRECTION OFFICER (hereinafter "S.E.R.T. C.O.") was a member of SHERIFF'S DEPARTMENT, was employed by the COUNTY OF SUFFOLK and SHERIFF'S DEPARTMENT, under the direction of the SHERIFF'S DEPARTMENT, and who is unknown by name to PLAINTIFF as of the date of this Complaint, however, is being sued in his individual and official

capacity.

18.     At all times relevant in this Complaint, and upon information and belief, DEFENDANTS' "TOM & JANE DOES 1-10 OFFICERS" (hereinafter "TOM AND JANE DOES 1-10") are members of SHERIFF'S DEPARTMENT, were employed by the COUNTY OF SUFFOLK and SHERIFF'S DEPARTMENT, under the direction of the SHERIFF'S DEPARTMENT, and who are unknown by name to PLAINTIFF as of the date of this Complaint, however, are being sued in their individual and official capacities.

19.     At all times relevant to this Complaint, and upon information and belief, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS (hereinafter "MEDICAL STAFF") are employed by, and under the control of, DEFENDANT SUFFOLK COUNTY and SHERIFF'S DEPARTMENT.

## FACTUAL ALLEGATIONS

20.     PLAINTIFF is a 35 year old male.

21.     From January 6, 2020, until on or about December 22, 2020, PLAINTIFF was in the care, custody and control of DEFENDANTS SUFFOLK COUNTY and SHERIFF'S DEPARTMENT as a pre-trial detainee at the Yaphank jail.

22.     On February 27, 2020, at or about 7:00 pm, PLAINTIFF was severely and violently beaten by a currently unidentified DEFENDANT S.E.R.T. CO, without justification or reason, while in the custody of DEFENDANTS SUFFOLK COUNTY and SHERIFF'S DEPARTMENT at the Yaphank jail.

23.     On said date, PLAINTIFF, along with the other individuals from his dorm, were informed that they were required to attend a mandatory Alcoholics Anonymous meeting ("A.A.")

at 7:00 pm that evening at the Chapel located at the Yaphank jail.

24.     PLAINTIFF, along with a group of approximately 12- 14 other detainees, proceeded through the facility walking in a single file as ordered. They walked about 2-4 minutes from the "Old Jail" section of the Yaphank jail to the more recently built area of the facility, where the Chapel is located.

25.     Upon arriving at the vicinity of the Chapel, two (2) to three (3)"TOM AND JANE DOES 1-10, believed to be members of the Suffolk County Sheriff's Emergency Response Team ("SERT"), the specially trained unit that responds to emergencies in Suffolk County Correctional Facilities, screamed out an order to the group of detainees, commanding them to stop and place their hands on the wall to be searched.

26.     PLAINTIFF, along with other detainees, were ordered to face the wall, place their hands on the wall, spread their legs, and keep their feet behind the blue line. The blue line the detainees were ordered to place their feet behind was approximately 18-24 inches away from the wall.

27.     About two (2) or three (3) TOM AND JANE DOES 1-10 then began searching the group of detainees. As PLAINTIFF obeyed the directive given to him, DEFENDANT S.E.R.T. CO approached PLAINTIFF from behind. Initially, PLAINTIFF was not aware that a CORRECTION OFFICER was standing behind him.

28.     Despite PLAINTIFF's compliance with DEFENDANT S.E.R.T. CO's order, said DEFENDANT S.E.R.T. CO, without provocation or justification, violently kicked the back of PLAINTIFF's right knee, with great and unreasonable force, to violently force PLAINTIFF's legs wider apart. Despite their proximity, to this act of brutality, DEFENDANTS TOM AND JANE

6

DOES 1-10 failed to prevent, intervene or stop the violent use of force by DEFENDANT S.E.R.T. CO.

29.     PLAINTIFF put up no resistance to said DEFENDANT S.E.R.T. CO's unprovoked assault, battery and use of force. As DEFENDANT S.E.R.T. CO violently kicked PLAINTIFF, who then audibly gasped and began crying out in DEFENDANT S.E.R.T. CO, PLAINTIFF's right knee immediately cracked and popped, PLAINTIFF's right leg buckled, and PLAINTIFF began to collapse violently towards the floor.

30.     PLAINTIFF attempted to break his fall by grabbing the wall but was unsuccessful due to the great force DEFENDANT SERT CORRECTION OFFICER used in attacking PLAINTIFF.

31.     Robert Upson ("Mr. Upson), another detainee in the group that was also headed to the CHAPEL, stood to the right of PLAINTIFF at the time of DEFENDANT S.E.R.T. CO's use of force, assault and battery on PLAINTIFF's person. Mr. Upson witnessed DEFENDANT S.E.R.T. CO violently attack and batter PLAINTIFF. Immediately after seeing PLAINTIFF being brutally kicked and battered, Mr. Upson grabbed PLAINTIFF in an attempt to break PLAINTIFF's fall.

32.     DEFENDANT S.E.R.T. CO, then yelled at PLAINTIFF telling him to "keep [your] fucking face on the wall." Mr. Upson was able to view DEFENDANT S.E.R.T. CO's uniform, which Mr. Upson later described to PLAINTIFF as a vest with big yellow letters spelling out SERT, an acronym for the Suffolk County's Sheriffs Emergency Response Team.

33.     DEFENDANT S.E.R.T. CO's violent and unprovoked battery on PLAINTIFF's person was done with such great force that minutes after the attack, PLAINTIFF's right knee and right leg became visibly swollen, and PLAINTIFF began experiencing severe pain in his right leg.

7

Further, PLAINTIFF was unable to bend his knee, to bare weight on his knee, and could not walk without experiencing excruciating pain.

34.    Despite the pain PLAINTIFF experienced, PLAINTIFF was still forced to try and stand upright and walk towards the Chapel. However, due to the extent of his injuries, PLAINTIFF could not remain standing without experiencing even more pain. As PLAINTIFF struggled to obey DEFENDANT S.E.R.T. CO's order to walk to the Chapel, upon information and belief, several of DEFENDANTS' TOM AND JANE DOES 1-10 began mocking PLAINTIFF, calling him a "wimp."

35.    PLAINTIFF immediately reported that he was unjustifiably and violently attacked by DEFENDANT S.E.R.T. CO to two (2) female YAPHANK CORRECTION OFFICERS who were regularly on duty during religious and recovery programming, such as A.A. meetings, at the YAPHANK jail. Said female YAPHANK CORRECTION OFFICERS advised PLAINTIFF against formally reporting the attack and further advised PLAINTIFF to "lay low."

36.    PLAINTIFF communicated that he needed urgent medical treatment to the two abovementioned female YAPHANK CORRECTION OFFICERS. However, said female YAPHANK CORRECTION OFFICERS denied PLAINTIFF's pleas for medical care. They also threatened to call a YAPHANK CORRECTIONAL Sergeant whom they stated would force PLAINTIFF to return to his dorm.

37.    Rather than being provided with immediate medical treatment, Plaintiff was denied prompt, appropriate, emergency and necessary access to care and was forced to walk into the Chapel despite the excruciating pain he experienced whenever he tried to walk or stand on his right leg. PLAINTIFF was then forced to suffer and sit in the Chapel for the full hour of the A.A. meeting, despite his injuries. DEFENDANTS TOM AND JANE DOES 1-10 were aware of the injury he

8

sustained after the attack. PLAINTIFF's knee continued swelling, and PLAINTIFF visibly could not walk normally.

38. Once in the A.A. meeting, Plaintiff was still ordered by DEFENDANTS TOM AND JANE DOES 1-10 to "sit down and not interrupt anyone." During the hour-long A.A. meeting, PLAINTIFF began to experience symptoms of shock from the agonizing pain. PLAINTIFF never imagined that he could be attacked by a CORRECTION OFFICER, without reason or justification, and then be denied any form of medical care or treatment for his injuries.

39. On the day following DEFENDANT S.E.R.T. CO's brutal battery and unreasonable use of force, PLAINTIFF was eventually allowed to visit the YAPHANK CORRECTION FACILITY Clinic. However, the only "treatment" PLAINTIFF was provided for his severe injuries and pain, was having his knee wrapped with an ace bandage, even though his knee, at that point, was swollen to the size of a watermelon. PLAINTIFF was not given anything to alleviate his pain or to prevent his injuries from worsening.

40. JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, who were Medical Staff Members did gave PLAINTIFF ice, which was problematic due to the extreme pain which Plaintiff was suffering, as the application of the ice without any form of pain medication worsened PLAINTIFF's pain. Further, at this time, DEFENDANTS' TOM AND JANE DOES 1-10 refused to schedule PLAINTIFF for an appointment with an orthopedist.

41. DEFENDANTS SUFFOLK COUNTY, SHERIFF'S DEPARTMENT, and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS in essence, provided no immediate meaningful medical care or treatment to PLAINTIFF for his injuries. Instead, DEFENDANTS TOM AND JANE DOES 1-10 continued to abuse, harass, and mock PLAINTIFF about his physical

9

condition, as opposed to providing PLAINTIFF access to the care he needed.

42.     One week after PLAINTIFF was attacked, medical staff at the YAPHANK jail scheduled PLAINTIFF for an appointment to have an x-ray of his right knee and leg performed at the YAPHANK CORRECTIONAL FACILITY Clinic. The medical technician who took the x-ray of PLAINTIFF's right leg, and whom, upon information and belief, was not an employee of YAPHANK CORRECTIONAL FACILITY, expressed concerns about PLAINTIFF's condition and treatment by DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS. Said medical technician stated to PLAINTIFF: "Man your leg is swollen! I can't believe they're not taking you to a doctor." The medical technician also stated that PLAINTIFF likely suffered ligament damage and that such an injury would not be detected on an x-ray.

43.     Upon information and belief, DEFENDANT JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS waited several weeks before providing PLAINTIFF with his x-ray results. When JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS finally provided PLAINTIFF with his x-ray results, PLAINTIFF was told that nothing was revealed on the x-ray images. Further, despite PLAINTIFF's right knee and surrounding areas being extremely swollen and PLAINTIFF's inability to walk without experiencing excruciating pain, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS downplayed PLAINTIFF's injuries, characterizing them as non-existent to minor injuries,.

44.     One month after PLAINTIFF was attacked, a nurse who was part of JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS provided a knee brace to PLAINTIFF.

45.     However, a few days afterward, one of the Officers who are TOM AND JANE

10

DOES 1-10 stopped PLAINTIFF as PLAINTIFF was walking down a hallway in the YAPHANK jail and conducted a random search of PLAINTIFF. Said CORRECTION OFFICER confiscated PLAINTIFF's knee brace under the pretense that PLAINTIFF could be hiding contraband in his knee brace, despite finding no contraband therein.

46.     As a result of the unwarranted confiscation and deprivation of PLAINTIFF's knee brace, PLAINTIFF had the only form of minor relief and treatment, taken away from him without valid reason or justification. PLAINTIFF was left to cope with no support for his injured knee, severe pain without the use of any device or treatment that could temporarily alleviate his pain. Upon information and belief, the CORRECTION OFFICER confiscated PLAINTIFF's knee brace to cause further pain and to harass and intimidate PLAINTIFF.

47.     PLAINTIFF was scheduled for a March 16, 2020, initial doctor's appointment with an orthopedic surgeon at Nassau University Medical Center ("NUMC"). That appointment was to take place at 2201 Hempstead Turnpike, East Meadow, NY 11554.

48.     On March 16, 2020, PLAINTIFF's father received a voice mail message from a NUMC employee informing PLAINTIFF's father that PLAINTIFF missed the appointment and requesting that PLAINTIFF reschedule.

49.     Unbeknownst to PLAINTIFF at the time, and upon information and belief, DEFENDANTS TOM AND JANE DOES 1-10 failed to deliver PLAINTIFF to his scheduled appointment and in effect canceled PLAINTIFF's initial March 16, 2020 doctor's appointment. Further, upon information and belief, DEFENDANTS TOM AND JANE DOES 1-10 canceled several of PLAINTIFF's appointments including a May 6, 2020 appointment, evidenced by PLAINTIFF's father's receipt of another voice mail message from NUMC that PLAINTIFF missed

11

his appointment, even though PLAINTIFF did not cancel the appointment.

50.    On or about late March 2020, DEFENDANTS TOM AND JANE DOES 1-10 transported PLAINTIFF to an appointment to have an MRI exam performed at Peconic Bay Medical Center, located at 1300 Roanoke Ave, Riverhead, NY 11901.

51.    At the appointment, PLAINTIFF was diagnosed with ligament damage. On or about April or May 2020, PLAINTIFF was taken to Peconic Bay Medical Center to have another MRI exam taken. However, PLAINTIFF was never provided with his results from the second MRI exam and was not provided any further treatment.

52.    Four (4) to six (6) weeks after being viciously attacked, PLAINTIFF was finally able to obtain substantive medical care and treatment for his injuries. That treatment occurred at Nassau University Medical Center ("NUMC") and not at YAPHANK CORRECTIONAL FACILITY, where DEFENDANT S.E.R.T. CO brutally attacked PLAINTIFF and where he had been denied proper, professional, necessary and acceptable medical treatment by DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS.

53.    At said appointment, a trauma surgeon, examined PLAINTIFF and concluded that PLAINTIFF needed to undergo knee surgery. The doctor also determined that PLAINTIFF's right knee meniscus was detached from his bone. Further, the doctor diagnosed PLAINTIFF with a broken meniscus, torn MCL, and a strained ACL. The doctor also informed PLAINTIFF that injuries similar to the symptoms PLAINTIFF presented with usually occur when there's an impact from behind.

54.    PLAINTIFF was informed that an orthopedic surgeon at a hospital would perform PLAINTIFF's knee surgery. However, upon information and belief, DEFENDANTS TOM AND

12

JANE DOES 1-10 canceled several of PLAINTIFF's appointments to undergo corrective and pain-alleviating knee surgery, without PLAINTIFF's consent.

55.    Upon information and belief, DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10 and DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS attempted to shield themselves from facing accountability for causing PLAINTIFF injuries and denying him proper medical treatment including interfering with PLAINTIFF's ability to undergo corrective, pain-relieving surgery, by falsely communicating to hospital employees that PLAINTIFF rejected undergoing knee surgery. In fact, PLAINTIFF never rejected knee surgery. PLAINTIFF only rightfully requested that his knee surgery be performed by a fully licensed physician. PLAINTIFF's request was then used against him as a "cover" for DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10 and DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' lies and attempts to prevent PLAINTIFF from obtaining the care and treatment he desperately needed.

56.    DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 not only attacked and battered PLAINTIFF and prevented him from receiving immediate medical treatment, but they also retaliated against, threatened, harassed, isolated, and verbally abused PLAINTIFF from the time of PLAINTIFF's brutalization on February 27, 2020, until PLAINTIFF's release from YAPHANK jail on or about December 22, 2020.

57.    Upon information and belief, immediately after DEFENDANT S.E.R.T. CO attacked PLAINTIFF several DEFENDANTS TOM AND JANE DOES 1-10 began to abuse and harass PLAINTIFF, to silence and intimidate PLAINTIFF from complaining-DEFENDANTS TOM

AND JANE DOES 1-10 also began threatening Plaintiff by telling PLAINTIFF "you better watch your fucking back."

58.    Immediately after PLAINTIFF was attacked, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 cut off PLAINTIFF's phone line and prevented PLAINTIFF from receiving mail or having any visitors at the YAPHANK jail, over a period of nine (9) weeks. As a result, PLAINTIFF was completely cut off from the outside world and was unable to make calls, receive calls, visit or meet with his attorney, parents, or anyone else, for approximately nine (9) weeks.

59.    DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 repeatedly lied to PLAINTIFF's parents, telling them that they did not make a reservation to visit PLAINTIFF, and subsequently lied that PLAINTIFF was in quarantine and thus could not see visitors. It was not until YAPHANK jail Correction Officer Cruz Contacted Yaphank Correctional Booking Correction Officers about five to six times, before PLAINTIFF was finally able to have his phone line restored and receive visits from his parents.

60.    PLAINTIFF participated in the Sheriff's Addiction Treatment Program while at YAPHANK jail and many of the DEFENDANTS TOM AND JANE DOES 1-10 were aware of PLAINTIFF's participation in said program. Upon information and belief, despite DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 knowledge of PLAINTIFF's participation in the treatment program, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 continued to mock and verbally abuse PLAINTIFF, including but not limited to calling PLAINTIFF a "loser", "asshole", and telling PLAINTIFF to "just quit."

61.    Despite the harassment and abuse, on or about April 2020, PLAINTIFF finally

14

gathered the courage and submitted a formal grievance report detailing his attack and subsequent abuse to Suffolk County's Internal Affairs Bureau (" IAB"). Soon after, PLAINTIFF spoke to Jacob from IAB about being attacked, battered and harassed by DEFENDANT  S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10. On about eight (8) or nine (9) other occasions, including on August 8, 2020, and throughout PLAINTIFF's time at YAPHANK jail,  PLAINTIFF reported and filed formal grievance complaints with DEFENDANTS' SUFFOLK COUNTY SHERIFF's OFFICE  regarding the violent assault, battery and retaliation he was subjected to at YAPHANK jail.

62.     Soon afterward, PLAINTIFF began experiencing more harassment and abuse from DEFENDANT  S.E.R.T. CO and  DEFENDANTS TOM AND JANE DOES 1-10 .  To further thwart PLAINTIFF,  he was told on several occasions that he used the wrong grievance complaint form,  which  delayed  investigations  into  PLAINTIFF's  attack,  abuse,  and  mistreatment  by DEFENDANT  S.E.R.T. CO and  DEFENDANTS TOM AND JANE DOES 1-10. PLAINTIFF eventually received communication from IAB regarding their investigation of his battery, attack and mistreatment. However, no resolution was reported to have been reached through Suffolk County's IAB.

63.     On or about August 2020, several Suffolk County Jail Captains,  Lieutenants, and about three (3) or four Sergeants searched PLAINTIFF's dorm, during which PLAINTIFF's cell was singled out for a shakedown. The abovementioned DEFENDANT  SHERIFF's OFFICE employees shook-down PLAINTIFF's cell and threw out all of PLAINTIFF's legal papers.  PLAINTIFF's legal documents contained important information such as his letter to the Judge. PLAINTIFF felt and was powerless to end the DEFENDANT  S.E.R.T. CO and  DEFENDANTS TOM AND JANE DOES

1-10 retaliatory actions towards him because the shakedown was conducted by high-level decision makers who were members of the SUFFOLK COUNTY SHERIFF's DEPARTMENT as employees and policy makers.

64.    In addition to being attacked, verbally abused, and harassed in various ways, PLAINTIFF also faced other forms of retaliation from DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10. Upon information and belief, one week after PLAINTIFF was violently physically attacked, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 , began tampering with and poisoning and/or placing foreign objects in PLAINTIFF's meals.

65.    PLAINTIFF received "special diet" meals from YAPHANK jail from the beginning of his incarceration at the facility. These meals were labeled with PLAINTIFF's name and specially reserved for PLAINTIFF because PLAINTIFF had to observe strict dietary restrictions due to a prior stomach surgery.

66.    A week after  DEFENDANT S.E.R.T. CO viciously attacked PLAINTIFF, PLAINTIFF discovered that his meals were being tampered with and poisoned.  From about late March 2020 until PLAINTIFF's release from YAPHANK jail on or about December 22, 2020, PLAINTIFF repeatedly discovered pieces of plastic,  strands of hair, bugs, pieces of metal, as well rotten, expired, and rancid, ingredients in the majority of the meals provided to him by COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S DEPARTMENT,  S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 and their employees.

67.    From March 2020 until his release, PLAINTIFF kept detailed written records of how his food was tampered with and poisoned with rancid ingredients and inedible objects. On multiple

16

occasions, PLAINTIFF reported the food tampering and poisoning to various YAPHANK CORRECTIONAL FACILITY Correction Officers, most of whom were not SERT CORRECTION OFFICERS.

68.    Several YAPHANK CORRECTIONAL FACILITY CORRECTION OFFICERS and YAPHANK CORRECTIONAL DWI/Alcoholics Recovery Program Correction Officers tried to investigate why PLAINTIFF was receiving meals that were clearly tampered with and poisoned. These CORRECTIONAL OFFICERS tried to assist PLAINTIFF with reporting that his meals were repeatedly being tampered with and poisoned. Said Officers provided PLAINTIFF with grievance complaint forms, returned several of PLAINTIFF's meals to the kitchen, asked other YAPHANK CORRECTIONAL Officers about the issue, and offered to submit PLAINTIFF's grievance complaints to the correct parties. However, the situation with regard to the meals did not improve.

69.    On or about, the last week of July 2020, PLAINTIFF was given a meal that, unbeknownst to him, contained hidden pieces of metal within. PLAINTIFF inadvertently ingested the pieces of metal in his food and, and shortly thereafter, began to experience severe abdominal pain and internal bleeding. After ingesting metal that was placed in his food, upon information and belief, by DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 , PLAINTIFF "felt like his insides were being ripped apart."

70.    PLAINTIFF was treated by DEFENDANT YAPHANK CORRECTION FACILITIES MEDICAL STAFF MEMBERS who conducted an x-ray of PLAINTIFF's intestines, which revealed that PLAINTIFF had pieces of metal in his intestines.

71.    Because of the threats, harassment, and abuse PLAINTIFF was repeatedly subjected to by, upon information and belief, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND

17

JANE DOES 1-10 , PLAINTIFF remained in fear and extremely cautious and was constantly terrified of becoming sick from DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 poisoning of his food and their ongoing harassment.

72.    PLAINTIFF checked the meals he was given by DEFENDANTS' CORRECTION OFFICERS at every meal. PLAINTIFF also documented the appearance and contents of his meals. PLAINTIFF concluded that at least five (5) to seven (7) of the meals he was given every week had strands of hair, bugs, rancid ingredients, and pieces of plastic and metal pieces in them. When YAPHANK CORRECTIONAL OFFICERS investigated the rotten, inedible, and poisoned meals PLAINTIFF was given, YAPHANK CORRECTIONAL Kitchen Employees denied that there was anything wrong with the meals, despite the meals' obvious rancidness. Despite PLAINTIFF's complaints and reporting, the tampering with and poisoning of PLAINTIFF's food never abated.

73.    As a result, PLAINTIFF was fearful of eating and was unable to eat any of the meals (except for bread) he was provided with at YAPHANK jail. PLAINTIFF feared that DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 were targeting him to severely injure or kill him due to his complaints about the attack and battery.

74.    In August and September 2020, PLAINTIFF sent pieces of metal he found in his meals to his attorney, in a desperate attempt to end the harassment and abuse he was experiencing at hands of DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10.

75.    In or about October 2020, PLAINTIFF verbally reported to a YAPHANK CORRECTIONAL Sergeant that his food was being tampered with and poisoned. Upon viewing PLAINTIFF's meal, which showed signs of tampering and poisoning, said Sergeant commented that the meal was "absolutely rancid and disgusting." Said Sergeant then took PLAINTIFF's meal to the

18

kitchen and replaced the meal.

76.    Despite the efforts of certain CORRECTION OFFICERS to investigate the rotten, inedible, and often poisoned meals PLAINTIFF was given, the situation persisted until PLAINTIFF left the care and custody of YAPHANK jail on or about December 22, 2020.

77.    Additionally, from the time PLAINTIFF entered SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 were aware of PLAINTIFF's dietary restrictions and requirements from a previous stomach surgery, including that he needed to be given weekly vitamin B12 injections, and daily ascorbic acid, Vitamin D3, and aspirin vitamins and supplements. Despite DEFENDANTS' knowledge of PLAINTIFF's medical condition, DEFENDANTS' "deemed [the vitamins and supplements] not necessary." PLAINTIFF was only given B12 injections three times while he was incarcerated at YAPHANK jail for almost one year. PLAINTIFF was never given the other supplements and vitamins he required.

78.    Before entering the custody and care of SUFFOLK COUNTY, SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS DEFENDANT YAPHANK CORRECTIONAL, PLAINTIFF had sutures placed underneath his skin during a prior unrelated surgery. During the time PLAINTIFF was in the custody and care of YAPHANK CORRECTIONAL, but before the attack that is referenced above in this Complaint, two of PLAINTIFF's sutures became infected. JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS removed the two infected sutures on PLAINTIFF's body. However, PLAINTIFF was only given vitamin E oil to use on the sutures. This resulted in the skin above PLAINTIFF's sutures

19

developing pockets and deep scarring.

79.    As a result of being violently attacked and the failure to be provided with proper, adequate, necessary medical treatment by SUFFOLK COUNTY, SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS  harassment, abuse, and then the  poisoning of PLAINTIFF's food, PLAINTIFF  has suffered permanent damages, both physically and mentally.

80.    PLAINTIFF continues to suffer from limited mobility, and daily experiences sharp and shooting pain in his right knee, grinding of his right knee, and agonizing pain in his right leg and knee (primarily during mornings).  PLAINTIFF  has been diagnosed with a broken meniscus and torn meniscus and PLAINTIFF still requires knee surgery.  Additionally, PLAINTIFF must now wear on his right knee a neoprene knee brace with velcro straps and metal rods every day.

81.    Thereafter, on or about December 22, 2020,  PLAINTIFF  was released from DEFENDANT YAPHANK CORRECTIONAL FACILITY.

82.    On or about March of 2021, Plaintiff had surgery on the knee which was damaged by DEFENDANT  S.E.R.T. CO. The surgery was performed by a doctor unrelated to Defendants, who advised Plaintiff that he was in need of a knee replacement, however no such replacement could take place now as Plaintiff was too young.

83.    Plaintiff continues to suffer physical pain and emotional injury and is currently post ACL reconstruction using a bone-patellar tendon-bone graft.  He has multiple complications within his knee joint including but not limited to a horizontal tear of the posterior horn of the lateral meniscus.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. §1983 - FOURTEENTH AMENDMENT & FIFTH AMENDMENT:**
**VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS AND SUBSTANTIVE**
**DUE PROCESS RIGHTS**
**(Against DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10,**
**JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS )**

84. The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 83 of this Complaint with the same force and effect as though fully set forth herein.

85. The DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS engaged in actions and abuses which violated and denied PLAINTIFF of his rights as provided under the Fourteenth Amendment of the United States Constitution violating his Fourteenth Amendment right of substantive due process.

86. On February 27, 2020, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS viciously attacked PLAINTIFF, causing him serious injuries, and thereafter neglected to provide PLAINTIFF with urgent, necessary, proper and adequate treatment for a prolonged period.

87. DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS actions were violative of PLAINTIFF's substantive due process rights because the beating endured by PLAINTIFF patently shocks the conscious. The beating of PLAINTIFF by DEFENDANT S.E.R.T. CO was so heinous and egregious that PLAINTIFF suffered from injuries including but not limited to:

        a.     Deformity of the right knee and leg
        b.     Torn  meniscus
        c.     Broken meniscus
        d.     Surgery and future surgeries

88.     Moreover, PLAINTIFF, as a result of the severe beating by DEFENDANT S.E.R.T. CO,  has suffered from permanent conditions, including but not limited to, limited mobility, severe and shooting pain in his right knee and right leg, broken meniscus, and a torn meniscus. PLAINTIFF also experiences grinding of his right knee, and agonizing pain in his right leg and knee (primarily during mornings).

89.     PLAINTIFF still requires further knee surgery. Additionally,  every day PLAINTIFF must wear on his right knee a neoprene knee brace with velcro straps and metal rods, and must continuously bend his right knee while walking even short distances.

90.     The vicious attack on PLAINTIFF by DEFENDANT  S.E.R.T. CO, and the abuse and harassment by DEFENDANTS TOM AND JANE DOES 1-10, were violative of PLAINTIFF's procedural due process rights because PLAINTIFF was beaten without reason and/or provocation or for any disciplinary issue.  Moreover, PLAINTIFF was not in violation of any rules or regulations imposed on detainees or pre-trial detainees in the care and custody of Yaphank Jail. The attack on PLAINTIFF  by  DEFENDANT  S.E.R.T. CO was done without legal basis, justification or excuse and was a savage beating which DEFENDANTS TOM AND JANE DOES 1-10 condoned, failed to prevent and failed to intervene on behalf of Plaintiff.

91.     Additionally, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' actions of withholding urgent and adequate medical treatment were committed without justification. PLAINTIFF was not given immediate medical care

or treatment after he was attacked by DEFENDANT S.E.R.T. CO, despite PLAINTIFF's visible injuries and repeated requests for medical treatment and care. PLAINTIFF was only given substantive medical care and/or treatment on or about four to six (6) weeks after he was attacked by DEFENDANT S.E.R.T. CO .

92.     DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 deprived PLAINTIFF of his procedural and substantive due process rights by harassing and targeting PLAINTIFF, including by threatening and poisoning/attempting to poison PLAINTIFF by tampering with, and sabotaging PLAINTIFF's food.

93.     DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 tampered with and poisoned PLAINTIFF's food by placing rotten, rancid, and inedible ingredients, as well as strands of hair, bugs, and plastic and metal pieces hidden inside PLAINTIFF's specially made and sealed meals.

94.     DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 retaliated against PLAINTIFF in the above manners, to intimidate PLAINTIFF and prevent PLAINTIFF from further reporting DEFENDANT S.E.R.T. CO's attack. Furthermore, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 cut PLAINTIFF off from the "outside" world by cutting off his phone line, denying him visitors, and withholding his mail over a period of nine (9) weeks, all to conceal their wrongdoings and their abuse of PLAINTIFF.

95.     DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 were aware that PLAINTIFF suffered from a medical condition (stemming from a prior stomach surgery) that required that PLAINTIFF take certain vitamins and supplements, including Vitamin

B12 and Vitamin D3. Despite this, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 deemed PLAINTIFF's need for vitamins "not necessary" and refused to provide them to PLAINTIFF.

96.     The actions of DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 and their attack on PLAINTIFF and subsequent retaliation against PLAINTIFF shocks the conscience and is contrary to the standards of conduct they are mandated to uphold.

97.     That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, embarrassment and was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - Excessive Force Under The Fourth Amendment
**(Against DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 )**

98.     The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 97 of this Complaint with the same force and effect as though fully set forth herein.

99.     DEFENDANT S.E.R.T. CO, violated and acted outside the scope of their employment when he used unreasonable force to viciously attack PLAINTIFF, on February 27, 2020.

100.    DEFENDANT S.E.R.T. CO was not objectively reasonable when he used unreasonable and excessive force and caused serious and egregious bodily harm to PLAINTIFF.

PLAINTIFF was merely attempting to comply with DEFENDANT S.E.R.T. CO's to place his hands on the wall and spread his feet. PLAINTIFF did not pose a risk to the DEFENDANT S.E.R.T. CO or anyone else.

101.    Furthermore, it is objectively unreasonable to believe that the force used by DEFENDANT S.E.R.T. CO was necessary to maintain order and security in the prison when PLAINTIFF was merely complying with DEFENDANT S.E.R.T. CO's instructions.

102.    Additionally, other DEFENDANTS TOM AND JANE DOES 1-10 did not take any action to intervene, prevent harm and further injury to PLAINTIFF, but instead mocked and ridiculed PLAINTIFF for having difficulty standing and walking immediately after he was attacked.

103.    The actions and/or omissions by DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 caused harm and severe and permanent injuries to PLAINTIFF.

104.    The beating of PLAINTIFF by DEFENDANT S.E.R.T. CO was so heinous and egregious that PLAINTIFF suffered from injuries including:

    a.    Deformity of the right knee and leg
    b.    Torn meniscus
    c.    Broken meniscus
    d.    Surgery and future surgeries

105.    Furthermore, PLAINTIFF has suffered from permanent conditions, including but not limited to, limited mobility, severe and shooting pain in his right knee and right leg, broken meniscus, and a torn meniscus. PLAINTIFF also experiences grinding of his right knee, and agonizing pain in his right leg and knee.

106.    PLAINTIFF has had and still requires knee surgery as a result of the DEFENDANT S.E.R.T. CO's violent attack. Additionally, every day PLAINTIFF must wear on his right knee a

25

neoprene knee brace with velcro straps and metal rods, and must continuously bend his right knee while walking even short distances.

107.    DEFENDANT S.E.R.T. CO and  DEFENDANTS TOM AND JANE DOES 1-10 acted under pretense and color of law and in their individual and official capacities and within the scope of their employment. Said acts were beyond the scope of their jurisdiction, without authority of law, and amounts to an abuse of their authority.   DEFENDANT   S.E.R.T.  CO and DEFENDANTS TOM AND JANE DOES 1-10 acted willfully, knowingly, and with the specific intent to deprive PLAINTIFF of his constitutional rights secured by 42 U.S.C. § 1983.

108.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation and embarrassment, was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - FAILURE TO INTERVENE, HARASSMENT AND RETALIATION
### (Against DEFENDANT S.E.R.T. CO AND DEFENDANTS TOM AND JANE DOES 1-10 )

109.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 108 of this Complaint with the same force and effect as though fully set forth herein.

110.    DEFENDANTS TOM AND JANE DOES 1-10  knew or should have known that the vicious attack, humiliation, and the degradation endured by PLAINTIFF by the actions of DEFENDANT S.E.R.T. CO  violated the PLAINTIFF's rights guaranteed to him under the Fifth,

26

and Fourteenth Amendments and 42 U.S.C. § 1983.

111.   On February 27, 2020, DEFENDANT  S.E.R.T. CO 's viciously attacked PLAINTIFF, causing him serious injuries, and thereafter neglected to provide PLAINTIFF with urgent and adequate treatment for a prolonged period of time.   At that time and place DEFENDANTS TOM AND JANE DOES 1-10 knew or should have know of  DEFENDANT S.E.R.T. CO 's violent tendencies and that he was a violent prone officers.

112.   DEFENDANTS TOM AND JANE DOES 1-10's failure to prevent, intercede, intervene or otherwise stop DEFENDANT S.E.R.T. CO 's viciously attacked against  PLAINTIFF and then subjected Plaintiff not only to physical attack, but harassment, abuse, and retaliation including, but not limited to being denied urgent medical care,  being wrongfully denied visits from his parents and attorney, denying PLAINTIFF use of his phone line, wrongfully subjecting PLAINTIFF to a shakedown, and tampering with and poisoning PLAINTIFF's meals.

113.   The actions and/or omissions of DEFENDANTS TOM AND JANE DOES 1-10's caused harm, severe and permanent injury to PLAINTIFF. The beating of PLAINTIFF and retaliation against PLAINTIFF by DEFENDANTS' CORRECTION OFFICERS was so heinous and egregious that PLAINTIFF suffered from injuries including:

        a.     Deformity of the right knee and leg
        b.     Broken meniscus
        c.     Torn meniscus
        d.     Surgery and future surgeries
        e.     Severe abdominal pain
        f.     Internal bleeding

114.   Furthermore, PLAINTIFF has suffered from permanent conditions. PLAINTIFF currently suffers from limited mobility, and, daily, experiences sharp and shooting pain in his right

27

knee, grinding of his right knee, and agonizing pain in his right leg and knee (primarily during mornings). PLAINTIFF has been diagnosed with a broken meniscus and a torn meniscus. Furthermore, PLAINTIFF still requires knee surgery and must now wear on his right knee a neoprene knee brace with velcro straps and metal rods every day, and must continuously bend his right knee to walk even short distances.

115.    DEFENDANT S.E.R.T. CO and each DEFENDANTS TOM AND JANE DOES 1-10's had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the vicious attack, humiliation, and degradation of PLAINTIFF. Yet, the DEFENDANTS' CORRECTION OFFICERS neglected to prevent said violations from occurring and further failed to intervene to protect or aid PLAINTIFF when such violations did occur.

116.    DEFENDANTS TOM AND JANE DOES 1-10, as members of the DEFENDANT SUFFOLK as members fo the SHERIFF'S DEPARTMENT failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

117.    DEFENDANTS TOM AND JANE DOES 1-10's knew or should have known that the vicious attack, humiliation, and degradation of PLAINTIFF were volatile of his Fifth, and Fourteenth Amendment rights to due process, in violation of the PLAINTIFF's fundamental rights under the Constitution.

118.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation, and embarrassment, was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

28

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 Deliberate Indifference to Medical Care
### (Against DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS )

119.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 118 of this Complaint with the same force and effect as though fully set forth herein.

120.    As set forth above, PLAINTIFF was subjected to deprivation of rights by all individual DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS inclusive, acting under color of law of the United States and State of New York and of the County of Suffolk which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States.

121.    By reason of the aforementioned acts, these Defendants, DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, and each of them, have violated the constitutional rights and liberty interests of PLAINTIFF, including those provided in the Fourteenth Amendment to the U.S. Constitution, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to appropriate and necessary medical care, and knowingly ignoring the complaints and needs without due process of law.

122.    DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS knew of PLAINTIFF's serious medical, physical and mental health condition, were deliberately indifferent

29

to them, ignored them, failed to provide medical or mental health intervention and failed to care for him.

123.    DEFENDANT  S.E.R.T.  CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS knew that PLAINTIFFF was suffering from a serious injury to his leg, knew that he had been subjected to brutal and unreasonable force, knew that PLAINTIFF was in need of prompt, appropriate, competent and emergency medical care, which subjective knowledge may be imputed from the obviousness of the results which flow from the use of excessive and unreasonable force.   Knowing this, DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS were deliberately indifferent to Plaintiff's  clear need for basic medical care and pain relief, and failed to engage in minimally adequate medical treatment, failed to schedule proper and necessary medical treatment and failed Plaintiff despite his needs.

124.    DEFENDANT  S.E.R.T.  CO , DEFENDANTS TOM AND JANE DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS knew, that Plaintiff  had serious but treatable injuries and medical health conditions, which required care, treatment and close supervision. As a result of DEFENDANTS' deliberate indifference, PLAINTIFF was deprived of the necessary and indicated medical intervention, care and treatment.  Without proper treatment or follow-up care, Plaintiff's physical and medical condition deteriorated, causing him to continue to suffer pain and mental anguish in violation of her Fourteenth Amendment rights and resulting in permanent damage.

125.    As a legal cause of DEFENDANT S.E.R.T. CO , DEFENDANTS TOM AND JANE

30

DOES 1-10's DEFENDANTS and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' deliberate indifference, acting under color of law, acts and/or inactions, PLAINTIFF was deprived of his constitutional rights to reasonable and necessary medical care and treatment and all other rights to which he was entitled. Defendants' deliberate indifference caused injuries that resulted in PLAINTIFF's pain, serious injury and permanent bodily damage and mental suffering which is ongoing, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

126. That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation, and embarrassment, was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 Municipal Liability

127. The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 126 of this Complaint with the same force and effect as though fully set forth herein.

128. Before February 27, 2020, and since, DEFENDANTS SUFFOLK COUNTY, and SHERIFF'S DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal physical, mental and emotional abuses of persons within their custody and control, by CORRECTION OFFICERS.

129. Despite the egregiously improper conduct, DEFENDANT S.E.R.T. CO, and each

31

DEFENDANTS TOM AND JANE DOES 1-10 , upon information and belief, were not prosecuted, disciplined, or subjected to restraint. As a result, DEFENDANT SUFFOLK COUNTY SHERIFF'S OFFICE was caused and encouraged to believe that persons within their custody and control could be subjected to extreme, unwarranted physical attack, retaliatory actions, and severe verbal and emotional abuse by CORRECTION OFFICERS. Despite the harassment and abuse, on or about April 2020, PLAINTIFF finally gathered the courage and submitted a formal grievance report detailing his attack, and subsequent abuse, to Suffolk County's Internal Affairs Bureau (" IAB"). As part of the unlawful pattern, practice, custom, and condonation of SUFFOLK COUNTY no action was taken against the OFFICERS, nothing was reported to PLAINTIFF and his, like so many other detainees who have been abused were not fully or properly addressed.

130. In addition to permitting a pattern and practice of improper treatment of persons within their custody and control, DEFENDANT SUFFOLK COUNTY has failed to maintain a proper system for oversight of CORRECTION OFFICERS and supervisors, and for investigation of all incidents of unjustified arrests and prosecution by their agents and/or employees.

131. DEFENDANT SUFFOLK COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline CORRECTION OFFICERS that deprive citizens of their civil rights.

132. A system allegedly maintained by DEFENDANT SUFFOLK COUNTY, has failed to properly review unjustified behavior and activities by CORRECTION OFFICERS, and has failed to identify the volatile acts by CORRECTION OFFICERS and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of SUFFOLK COUNTY to tolerate the improper and unjustified physical, mental and emotional abuse caused, and other

32

wrongful actions taken by CORRECTION OFFICERS.

133. Upon information and belief, specific systemic flaws in the SUFFOLK COUNTY's CORRECTION OFFICER review process include but are not limited to the following acts mentioned below.

134. DEFENDANT SUFFOLK COUNTY, acting under the pretense and color of law, has permitted, and been deliberately indifferent to a pattern and practice of brutality committed by their CORRECTION OFFICERS, agents, and/or employees, against persons within their custody and control.

135. DEFENDANT SUFFOLK COUNTY's widespread tolerance of CORRECTION OFFICER's abuse of persons within their custody and control has actually and proximately caused and encouraged CORRECTION OFFICERS in their employ to continuously and systematically attack and batter persons within their custody and control in contravention of the rights secured by 42 U.S.C. § 1983.

136. The foregoing acts, omissions, systemic flaws, policies, and customs of SUFFOLK COUNTY caused DEFENDANT S.E.R.T. CO and each DEFENDANTS TOM AND JANE DOES 1-10's to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately. These such failures continued and were part of an ongoing culture. These actions and this form of abuse is an ongoing practice which is tolerated and condoned by SUFFOLK COUNTY. One such prior example is Romel Giggetts.

137. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the DEFENDANT SUFFOLK COUNTY, PLAINTIFF was unjustifiably

33

mistreated, physically attacked, harassed, and subjected to severe retaliation and abuse, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from permanent physical and emotional harm, humiliation, fear, monetary expenses, and legal costs, resulting in the need for recurring medical treatment for the permanent physical impairments PLAINTIFF has suffered. All of these rights are secured to PLAINTIFF by the provisions of the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

138.    DEFENDANT SUFFOLK COUNTY actively inflicted further harm by causing and allowing the emergence of conditions and failing to prevent the above stated failure, unprofessional behavior, mis-treatment, lack of treatment, denials and abuses incurred by PLAINTIFF the actions of COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS were unlawful, violative, inappropriate, abusive, unauthorized, and/or negligent due to their failure to adhere to and uphold their obligation to secure and protect the civil and constitutional rights of PLAINTIFF.

139.    COUNTY OF SUFFOLK and staff including, but not limited to, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS their agents and/or employees, were negligent in the care rendered for and on behalf of PLAINTIFF in, among other things, negligently failing and neglecting to use reasonable care in the services and care rendered for and on behalf of the sick and injured PLAINTIFF; in negligently and carelessly neglecting to properly assess and diagnose PLAINTIFF'S condition; in negligently departing from accepted standards and practices in the services rendered for and on behalf PLAINTIFF; in failing to follow good practice and procedure; in failing to perform indicated procedures in a proper manner; in performing indicated procedures

34

on PLAINTIFF in a negligent manner; and in negligently evaluating the results of the tests and procedures that were performed on PLAINTIFF.

140.    COUNTY OF SUFFOLK and staff including, but not limited to, JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS has permitted, tolerated and encouraged a pattern and practice of inadequate supervision, failure to monitor contractors, training and prevention of malpractice and mistreatment by their respective employees, agents, servant, professionals, administrators, officers and others as to persons in their custody, including but not limited to PLAINTIFF who as a detainee.

141.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS failed to provide the necessary equipment and training for prevention and responses to medical emergencies, failed to document, observe and report emergence of conditions and in failing to prevent the above stated failure, unprofessional behavior, mis-treatment, lack of treatment failed to prevent and adequately treat PLAINTIFF's medical conditions and failed to follow their own rules and regulations. All those rights are guaranteed to the PLAINTIFF by 42 U.S.C. §1983, the United States Constitution and New York State Law.

142.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS actively inflicted the harm caused to PLAINTIFF and allowing same to occur and failing to prevent the above stated failures and the abuses incurred by PLAINTIFF, the Defendants' actions were unlawful, violative, inappropriate, abusive, unauthorized, and/or negligent due to their failure to adhere to and uphold their obligation to secure and protect the civil and constitutional rights of PLAINTIFF.

143.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS have permitted, tolerated and encouraged a pattern and practice of inadequate supervision, training, mal-practice, substandard treatment and prevention of worsening of the medical conditions of its detainees.

144.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS have repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by their employees, servants, agents, contractors, officers, professionals and administrators and other officials against detainees, including the decedent herein.

145.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS have engaged in a continual refusal to properly train, supervise, instruct, discipline, and assure that the inappropriate, abusive, unauthorized, improper, reckless, willful disregard to proper actions, and/or negligent actions of their employees, servants, agents, contractors, officers, professionals and administrators and other officials (including failure to follow rules and regulations, adhere to standards and obligation, and properly document incidents with accurate reports) and insure that same was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by detainees.

146.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS have caused their employees, servants, agents, contractors, officers, professionals and administrators and other officials to believe that failures to adhere to and uphold their obligation to care for, properly treat, listen to and protect detainees and other improper actions would not be aggressively, honestly and properly investigated, with the

foreseeable result that their employees, servants, agents, contractors, officers, professionals and administrators and other officials are most likely to disregard their obligations to detainees.

147.    COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS inadequately supervised their employees, servants, agents, contractors, officers, professionals and administrators and other officials and failed to prevent and adequately respond to the medical needs, complaints, conditions, vital signs, ongoing and existing medical situations, failed to provide the necessary equipment and training for prevention and responses to medical emergencies, failed to prevent and adequately treat PLAINTIFF's medical conditions and failed to meet good and accept standards of care and treatment to those in their custody and under their control and failed to follow their own rules and regulations, all in violation of his civil and constitutional rights.

148.    DEFENDANTS COUNTY OF SUFFOLK and staff including but not limited to JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS did not employ appropriate procedures to physically care for and treat the aliments of PLAINTIFF and failed to safeguard his health, physical well being, and life and Collective DEFENDANTS' unreasonable conduct against PLAINTIFF was a direct result of the DEFENDANTS' failure to prevent and respond to the continuing and urgent need to train, oversee, supervise, restrain and discipline their employees, servants, agents, contractors, officers, professionals and administrators and other officials who failed to adhere to and uphold their obligation to care for, treat, maintain and protect detainees.

149.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation, and embarrassment, was deprived of his constitutional rights and has been damaged in

the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SIXTH COUNT
### Assault and Battery
**(Against COUNTY OF SUFFOLK, DEFENDANT  S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10)**

150.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 149 of this  Complaint with the same force and effect as though fully set forth herein.

151.    DEFENDANT  S.E.R.T. CO, as an employee, agent, and servant of COUNTY OF SUFFOLK,  initiated and engaged in an unjustified violent assault and battery upon PLAINTIFF's person, which included violently kicking PLAINTIFF on his right knee, which caused PLAINTIFF to endure severe and permanent physical and emotional injuries.

152.    On February 27, 2020, DEFENDANT S.E.R.T. CO, viciously attacked PLAINTIFF, causing him serious injuries, and thereafter neglected to provide PLAINTIFF with urgent and adequate treatment for a prolonged period of time.

153.    On said date, PLAINTIFF  was scheduled to attend a mandatory A.A. meeting at the YAPHANK CORRECTIONAL FACILITY Chapel.  While walking single file to the Chapel with a group of about 12-14 other detainees, SERT CORRECTION OFFICERS ordered PLAINTIFF and other detainees to stop and place their hands on the wall,  spread their legs, and keep their feet behind the blue line, for a search.

154.    Despite PLAINTIFF's compliance, DEFENDANT S.E.R.T. CO, without provocation or justification, violently and forcefully kicked PLAINTIFF slightly below his right knee, to spread

38

PLAINTIFF's legs wider. DEFENDANT S.E.R.T. CO attack caused PLAINTIFF to collapse on to the floor and caused PLAINTIFF's right leg and knee to crack, pop, swell. PLAINTIFF also experienced extreme difficulty and pain when bending his right knee and standing on his right leg.

155.    After the vicious attack on PLAINTIFF's person, PLAINTIFF was not provided any immediate medical treatment although PLAINTIFF was clearly and visibly in need of care. Instead, PLAINTIFF was forced to attend an hour-long A.A. meeting despite experiencing excruciating pain as a result of being viciously attacked by DEFENDANT S.E.R.T. CO .

156.    DEFENDANT S.E.R.T. CO was not objectively reasonable when he caused such egregious bodily harm to PLAINTIFF, under the circumstances, as PLAINTIFF was merely attempting to comply with DEFENDANT S.E.R.T. CO's command to face the wall, place his hands on the wall, and place his feet behind the blue line.

157.    Moreover, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10, all as employees, agents and servants of COUNTY OF SUFFOLK, knew that the use of such force would present a risk of harm to PLAINTIFF. However, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 recklessly disregarded PLAINTIFF's safety by failing to take reasonable measures to minimize the risk of harm to PLAINTIFF. Each of them were and are aider and abetters of the physical violence and abuse to which PLAINTIFF was subjected.

158.    Furthermore, it is objectively unreasonable to believe that the force used by DEFENDANT S.E.R.T. CO was necessary to maintain order and security in the prison when PLAINTIFF was merely complying with DEFENDANT S.E.R.T. CO's instructions.

159.    The actions and/or omissions by DEFENDANTS TOM AND JANE DOES 1-10 caused harm, severe and permanent injury to PLAINTIFF.

160.    The beating of PLAINTIFF by DEFENDANT JOHN DOE SERT CORRECTION

OFFICERS was so heinous and egregious that PLAINTIFF suffered from injuries including:

       a. Deformity of the right knee and leg
       b. Broken meniscus
       c. Torn meniscus
       d. Surgery and future surgeries

161.    PLAINTIFF has suffered from permanent conditions, including, but not limited to,

ligament damage, a broken meniscus, and a torn meniscus. PLAINTIFF also currently suffers from

limited mobility, and daily experiences sharp and shooting pain in his right knee, grinding of his

right knee, and agonizing pain in his right leg and knee (primarily during mornings).  Additionally,

PLAINTIFF still requires knee surgery and must now wear, on his right knee, a neoprene knee brace

with velcro straps and metal rods every day, and must continuously bend his right knee to walk even

short distances.

162.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional

damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace,

humiliation, and embarrassment, was deprived of his constitutional rights and has been damaged in

the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys

fees pursuant to 42 U.S.C. § 1988, and punitive damages.

### AS AND FOR A SEVENTH COUNT
### NEGLIGENCE
### (Against All DEFENDANTS)

163.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained

in paragraphs 1 through 162 of this Complaint with the same force and effect as though fully set

forth herein.

164.     SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, jointly and severally, individually and collectively, had a duty to act reasonably and responsibly and not to act in a manner that would cause injury, harm, or the threat of harm to the PLAINTIFF.

165.     SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, jointly and severally, individually and collectively, breached their duty owed to PLAINTIFF by subjecting him to an unprovoked, violent attack upon his person without any justification, and by abuse, mistreating, threatening, and harassing PLAINTIFF.

166.     SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS, jointly and severally, individually and collectively, breached their duty owed to PLAINTIFF by, including, but not limited to, subjecting PLAINTIFF to a prolonged period of harassment, verbal and emotional abuse, and by poisoning and tampering with PLAINTIFF's meals, or failing to rectify the tampering with and poisoning of PLAINTIFF's meals.

167.     On said date, February 27, 2020, PLAINTIFF was scheduled to attend a mandatory A.A. meeting at the YAPHANK CORRECTIONAL FACILITY Chapel. While walking single file to the Chapel with a group of about 12-14 other detainees, SERT Team Officers ordered the group to stop and place their hands on the wall, spread their legs, and keep their feet on the outside of the

41

blue line, for a search.

168.    As PLAINTIFF was complying with commands, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 approached PLAINTIFF from behind.

169.    Despite PLAINTIFF's compliance, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10, without provocation or justification, violently and forcefully kicked PLAINTIFF from behind, slightly below PLAINTIFF's right knee. No DEFENDANT CORRECTION OFFICER intervened to stop DEFENDANT S.E.R.T. CO from attacking and harming PLAINTIFF.

170.    The DEFENDANT S.E.R.T. CO's attack caused PLAINTIFF to collapse on to the floor, caused PLAINTIFF's right knee to crack, pop, swell and caused PLAINTIFF extreme difficulty bending his right knee and standing on his right leg.

171.    After the vicious attack on PLAINTIFF's person, PLAINTIFF was not provided any form of immediate medical treatment although PLAINTIFF was clearly and visibly in need of medical care. Shortly after being brutally attacked, PLAINTIFF's right knee became visibly swollen, to the point that he could not stand upright or walk without experiencing excruciating pain.

172.    Rather than being provided with urgent medical treatment, PLAINTIFF was forced by DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 to stand and sit an upright position in the YAPHANK CORRECTIONAL FACILITY Chapel for the entire hour-long A.A. Meeting, despite his injuries.

173.    PLAINTIFF repeatedly requested to be examined by medical staff, however, they refused to see him and only scheduled PLAINTIFF for an x-ray appointment one week after he was attacked. SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT,

DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS provided no immediate medical care or treatment to PLAINTIFF.

174.    One month after PLAINTIFF was attacked, a member of the medical staff, who was a nurse provided a knee brace to PLAINTIFF. However, a few days afterward, a SERT CORRECTION OFFICER stopped PLAINTIFF as PLAINTIFF was walking down a hallway in the YAPHANK Jail and conducted a random search of PLAINTIFF. Said SERT CORRECTION OFFICER confiscated PLAINTIFF's knee brace under the pretense that PLAINTIFF could be hiding contraband in his knee brace, despite finding no contraband therein. Upon information and belief, that TOM DOE SERT CORRECTION OFFICER confiscated PLAINTIFF's knee brace to harass and intimidate PLAINTIFF.

175.    PLAINTIFF was scheduled for a March 16, 2020, initial doctor's appointment with an orthopedic surgeon at Nassau University Medical Center ("NUMC"), located at 2201 Hempstead Turnpike, East Meadow, NY 11554.

176.    Four (4) to six (6) weeks after being viciously attacked, PLAINTIFF was finally provided substantive medical care and treatment for his injuries. That treatment occurred at Nassau University Medical Center ("NUMC") and not at the YAPHANK CORRECTIONAL FACILITY, where JOHN DOE SERT CORRECTION OFFICER brutally attacked PLAINTIFF.

177.    SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS their agents and/or employees, were negligent in the care rendered for and on behalf of PLAINTIFF in, among other things, negligently failing and neglecting to use reasonable care in the services and care rendered for and on behalf of

the sick and injured PLAINTIFF; in negligently and carelessly neglecting to properly assess and diagnose PLAINTIFF'S condition; in negligently departing from accepted standards and practices in the services rendered for and on behalf PLAINTIFF; in failing to follow good practice and procedure; in failing to perform indicated procedures in a proper manner; in performing indicated procedures on PLAINTIFF in a negligent manner; and in negligently evaluating the results of the tests and procedures that were performed on PLAINTIFF.

178.    As a Correctional Medical Care Provider for DEFENDANT SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS were under a duty to use reasonable care in hiring, and supervising its employees, including members of its medical staff, as well as non-physician personnel, such as nurses, technicians, and aides. As a result, DEFENDANTS SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS was in violation of New York State Education Law, the Rules of the Board of Regents, and of New York State nursing practice regulations.

179.    Defendants SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS were each under a duty to use reasonable care in the administering of emergency medical assistance to PLAINTIFF, when they witnessed his injuries. Defendants possessed special skills, and there was a reasonable expectation that Defendants would use the same degree of skill and care that others in the medical community would reasonably use in the care for Plaintiff.

180.    SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS failed to properly assess the extent

44

of PLAINTIFF's medical needs, conditions, vital signs, complaints, failing report his conditions and failing to observe him for unreasonable time and to address changing medical circumstances, thus delaying the time in which proper, necessary, adequate and immediate medical attention was administered to the PLAINTIFF.

181.   As a consequence of DEFENDANTS' systemic practice, pattern, and custom of failure to adequately, and provide the proper medical assistance to detainees at the YAPHANK Jail, PLAINTIFF was made to endure great pain and suffering.  PLAINTIFF sustained damages and injuries including but not limited to special damages, unreasonable pain, discomfort, all as a result of the aforesaid unlawful, violative, inappropriate, abusive, unauthorized, and/or negligent conduct of DEFENDANTS, their agents, employees, and servants.

182.   SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 also were negligent in allowing and engaging harassing and abusing PLAINTIFF by, but not limited to, tampering with and poisoning PLAINTIFF's meals. PLAINTIFF received "special diet" meals from SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT  S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 from the beginning of his incarceration at the facility. These meals were labeled with PLAINTIFF's name and specially reserved for PLAINTIFF because PLAINTIFF had to observe strict dietary restrictions due to a prior stomach surgery.

183.   A week after  SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT  S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 viciously attacked PLAINTIFF, PLAINTIFF discovered that his meals were being tampered with and poisoned.  From about late March 2020, until PLAINTIFF's release from YAPHANK Jail on

45

December 22, 2020, PLAINTIFF repeatedly discovered pieces of plastic, strands of hair, bugs, pieces of metal, as well rotten, expired, rancid, and inedible objects in the majority of his meals provided to him by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and employees.

184.    From March 2020 until his release, PLAINTIFF kept detailed written records of how his food was tampered with and poisoned with rancid ingredients and inedible objects. On multiple occasions, PLAINTIFF reported the food tampering and poisoning to various YAPHANK Jail Correction Officers, most of whom were not SERT CORRECTION OFFICERS.

185.    On or about, the last week of July 2020, PLAINTIFF was given a meal that, unbeknownst to him, contained hidden pieces of metal within. PLAINTIFF inadvertently ingested the pieces of metal in his food and, and shortly thereafter, began to experience severe abdominal pain and internal bleeding. After ingesting metal that was placed in his food, upon information and belief, by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 , PLAINTIFF "felt like his insides were being ripped apart."

186.    PLAINTIFF was examined by DEFENDANT YAPHANK CORRECTION FACILITIES MEDICAL STAFF MEMBERS who conducted an x-ray of PLAINTIFF's intestines, which revealed that PLAINTIFF had pieces of metal in his intestines.

187.    Because of the threats, harassment, and abuse PLAINTIFF was repeatedly subjected to by, upon information and belief, SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 remained extremely cautious and was constantly terrified of being becoming sick from

46

DEFENDANTS' SERT CORRECTION OFFICERS' poisoning of his food and their ongoing harassment.

188. PLAINTIFF checked the meals he was given by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 daily and at every meal. PLAINTIFF documented the appearance and contents of his meals. PLAINTIFF concluded that at least five (5) to seven (7) of the meals he was given every week had strands of hair, bugs, rancid ingredients, and pieces of plastic and metal pieces in them. When YAPHANK Jail Officers investigated the rotten, inedible, and poisoned meals PLAINTIFF was given, YAPHANK Jail kitchen staff denied that there was anything wrong with the meals, despite the meals' obvious rancidness.

189. Despite PLAINTIFF's complaints and reporting, the tampering with and poisoning of PLAINTIFF's food never abated. DEFENDANTS failed to take appropriate action to stop the constant harassment, retaliation, abuse, and denial of urgent care PLAINTIFF was subjected to by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10.

190. Thereafter, on or about December 22, 2020, PLAINTIFF was released from YAPHANK Jail.

191. But for SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10's negligence and vicious attack upon PLAINTIFF's person on February 27, 2020, PLAINTIFF would not have had to endure the injuries as thoroughly plead above. Moreover, PLAINTIFF would not have experienced the physical and emotional pain associated with the injuries he sustained after he was attacked by

SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 and harassed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 . Additionally, PLAINTIFF would not have the permanent conditions and injuries to his person, but for the attack on his person by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 .

192.    SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10's attack on PLAINTIFF's person is the legal cause of PLAINTIFF's extensive injuries. It is foreseeable that the permanent injuries sustained by PLAINTIFF, as alleged above, would occur from such a vicious physical attack upon PLAINTIFF's person. Moreover, it is also foreseeable that PLAINTIFF would be required to undergo knee surgery, and furthermore, experience such physical and emotional pain as a result of DEFENDANT SERT CORRECTION OFFICERS' actions.

193.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation and embarrassment, and was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR A EIGHTH COUNT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against DEFENDANT CORRECTION OFFICERS)

194.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 193 of this Complaint with the same force and effect as though fully set forth herein.

195.    The SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 , jointly and severally, individually and collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified vicious attack of PLAINTIFF. SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO and DEFENDANTS TOM AND JANE DOES 1-10 CORRECTION OFFICERS, jointly and severally, individually and collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating the retaliation, abuse, and poisoning of PLAINTIFF and his meals.

196.    Furthermore, SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' mischaracterization of PLAINTIFF's condition and injuries as minor, was outrageous and beyond the bounds of decency as PLAINTIFF's injuries were readily apparent to DEFENDANT NURSE.

197.    SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND

49

JANE DOES 1-10 MEDICAL STAFF MEMBERS knew or should have known, that their reprehensible, extreme, and outrageous conduct against PLAINTIFF would cause emotional and physical harm to him.

198.    That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation and embarrassment, and was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

**AS AND FOR A NINTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against DEFENDANT CORRECTION OFFICERS, DEFENDANT JOHN DOE SERT**
**CORRECTION OFFICER and DEFENDANT NURSE)**

199.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 198 of this Complaint with the same force and effect as though fully set forth herein.

200.    The SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS', jointly and severally, individually and collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified vicious attack of PLAINTIFF.

201.    The SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS', jointly and severally, individually and

collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating the retaliation, abuse, and tampering and/or poisoning of PLAINTIFF and his meals.

202. Furthermore, SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' mischaracterization of PLAINTIFF's condition and injuries as minor was outrageous and beyond the bounds of decency as PLAINTIFF's injuries were readily apparent to DEFENDANT NURSE.

203. SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS' knew or should have known, that their reprehensible, extreme, and outrageous conduct against PLAINTIFF would cause emotional and physical harm to him.

204. On February 27, 2020 SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, DEFENDANT S.E.R.T. CO, DEFENDANTS TOM AND JANE DOES 1-10 and JOHN AND JANE DOES 1-10 MEDICAL STAFF MEMBERS', brutally attacked PLAINTIFF, causing him serious injuries, and thereafter neglected to provide PLAINTIFF with urgent and adequate treatment for a prolonged period of time.

205. That by reason of the foregoing, PLAINTIFF suffers severe physical and emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, humiliation and embarrassment, and was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant to 42 U.S.C. § 1988, and punitive damages.

**PUNITIVE DAMAGES**
**(Against All DEFENDANTS Individually)**

206.    The PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 205 of this Complaint with the same force and effect as though fully set forth herein.

207.    The acts of the individual DEFENDANTS herein were willful, wanton, malicious, and oppressive and were motivated by a desire to harm PLAINTIFF without regard for PLAINTIFF's well-being, and were based on a lack of concern and ill-will towards PLAINTIFF. Such acts therefore deserve an award of ten million ($10,000,000.00) as punitive damages.

**WHEREFORE,** PLAINTIFF demands judgment against DEFENDANTS:

a.    On the First Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

b.    On the Second Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

c.    On the Third Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

d.    On the Fourth Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

e.    On the Fifth Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

f.    On the Sixth Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

g.    On the Seventh Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

h.    On the Eighth Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

52

i.  On the Ninth Cause of Action in excess of the sum of five million ($5,000,000.00) dollars.

j.  Punitive damages in the amount in excess of ten million ($10,000,000.00) dollars against the individual defendants.

k.  Injunctive relief, requiring DEFENDANTS to correct all past violations of federal law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal laws;

l.  An order granting such other legal and equitable relief as the court deems just and proper.

m.  Award costs of this action including attorney's fees to the PLAINTIFF pursuant to 42 U.S.C. § 1988 and any and all applicable attorney's fees and costs as imposed by state-law.

## A JURY TRIAL IS HEREBY DEMANDED

Dated: Hempstead, New York
       May 19, 2021

                                        Respectfully Submitted,

                                        LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

                                 By:    _____
                                        FREDERICK K. BREWINGTON
                                        *Attorneys for Plaintiff*
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 489-6959